Green, Judge,
delivered the opinion of the Court:
This case presents to the Court an action which is based on a claim which is one of a number of similar claims referred to this court by Senate Resolution 448. The facts in the case are similar to those in a number of such cases in which judgment has been rendered in favor of plaintiff except that the plaintiff is not the original party with whom the United States made the contract upon which liability, if any, arises. This contract was made with the Shelby Oil Company, all of the property of which was sold to the plaintiff, and upon this sale it rests its title and right to the claim in suit.
It appears from the agreed statement of facts that in 1921 the Shelby Oil Company sold all of its personal property to the Bolivar Cotton Oil Company, plaintiff herein, for the consideration of that company assuming certain indebtedness of Shelby Oil Company amounting to $20/ 797.64. The record does not show that the sale specifically included choses in action or claims in suit but if the plaintiff did not acquire title by virtue of this sale then there is nothing to show that it has any right whatever to the claim. The transfer was a voluntary one and as such is within the provisions of Section 3477 Revised Statutes, 31 USCA 203, which provides:
*187 All transfers and assignments made of any claim upon the United States, or of any part or share thereof, or interest therein, whether absolute or conditional, and whatever may be the consideration therefor, * * * shall be absolutely null and void, unless they are freely made and executed in the presence of at least two attesting witnesses, after the allowance of such a claim, the ascertainment of the amount due, and the issuing of a warrant for the payment thereof. * * *
It has been held that this provision does not apply to cases where the transfer was made by operation of law through will, bankruptcy or insolvency, or otherwise but the transfer here made was purely voluntary and therefore absolutely null and void under the statute. See United States v. Gillis, 95 U. S. 407; Spofford v. Kirk, 97 U. S. 484; National Bank of Commerce v. Downie, 218 U. S. 345.
We are constrained to hold that the plaintiff acquired no interest in the claim upon which it can bring suit against the United States.
Plaintiff’s petition is therefore dismissed and it is ordered that the findings in the case be certified to Congress.
MaddeN, Judge; JoNes, Judge; LittuetoN, Judge; and Whalet, Chief Justice, concur.